**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

REGULATORY INTERLINX, INC.                                                                    PLAINTIFF

vs.                                                              CIVIL ACTION NO. 3:04-cv-788WS

NEW PIPER, INC.                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant New Piper, Inc., a Delaware corporation to dismiss this case or, alternatively, for summary judgment if matters outside the pleadings are not excluded by the court.[1]  See Rules 12(b)(2) and 56(b) of the Federal Rules of Civil Procedure.[2]  The plaintiff is Regulatory Interlinx, Inc., a Texas corporation.

---

[1] A Rule 12(b) motion to dismiss may be converted to a motion for summary judgment if matters outside the pleadings submitted by the parties are not excluded.  If matters outside the pleadings are considered by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See Partridge v. Two Unknown Police Officers of the City of Houston, Texas*, 791 F.2d 1182, 1189 (5th Cir. 1986).

[2] Rule 12(b)(2) of the Federal Rules of Civil Procedure provides:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the person, ···

Rule 56(b) of the Federal Rules of Civil Procedure provides:

(b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

Jurisdiction over this matter is predicated on Title 28 U.S.C. § 1332,[3] diversity of citizenship.

New Piper's motion to dismiss is based on its contention that this court lacks of personal jurisdiction over it. Factually, New Piper states that it manufactured and/or assembled an airplane in Vero Beach, Florida, in 1996, Model PA-46-350P, serial no. 4636047, federal registration no. N722EW. This airplane was sold to Sky Tech, Inc., in Vero Beach on June 24, 1996. Sky Tech, a licensed distributor of Piper aircraft, sold this airplane to Edward W. Wahler, also on June 24, 1996, in Baltimore, Maryland. Then, the airplane was sold back to Sky Tech, Inc., on September 10, 1997. Sky Tech sold the airplane to Trav Tex Air, L.L.C., on October 6, 1997, in Texas. Ultimately, the plaintiff Regulatory Interlinx, Inc., purchased the airplane from Trav Tex on February 24, 2000.

On October 7, 2001, while being piloted by an Regulatory Interlinx employee, this airplane was involved in an accident while landing in Jackson, Mississippi, when the front landing gear failed and caused damage to the airplane. The pilot was not injured. On September 28, 2004, Regulatory Interlinx filed this lawsuit charging New Piper, Inc. with placing a defectively designed product in the stream of commerce, negligence and breach of the implied warranty of merchantability.

## **APPLICABLE LAW**

In diversity actions, district court jurisdiction over nonresident defendants is assessed by a two-step process. First, the defendant must be amenable to suit under the

---

[3]Title 28 U.S.C. § 1332(a) provides in pertinent part that, "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states ... ."

2

law of the forum state.  Secondly, the state law must correspond with the dictates of the Fourteenth Amendment due process clause.  *Dickson Marine Inc. v. Panalpina, Inc.,* 179 F.3d 331, 336 (5th Cir. 1999);  *Smith v. DeWalt Products Corporation*, 743 F.2d 277, 278 (5th Cir. 1984);  *see also Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165-66 (5th Cir.1985)*;  Cowan v. Ford Motor Company*, 694 F.2d 104, 105 (5th Cir. 1982).  The burden of establishing the district court's personal jurisdiction over a defendant is clearly on the plaintiff.  *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997);  *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1983).

Mississippi's Long-Arm statute, Miss.Code Ann. § 13-3-57, provides in pertinent part that "[a]ny nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state."  So, a non-resident defendant such as New Piper falls within the purview of Mississippi's Long-Arm statute if New Piper (1) commits a tort, any part of which occurred within the state, against a resident or nonresident of Mississippi; (2) makes a contract with a resident of this state to be performed in whole or part in the state; or (3) does business within the state.

3

Provided that the requirements of Mississippi's Long-Arm statute are satisfied, this court's exercise of personal jurisdiction over a non-resident defendant such as New Piper nevertheless must conform to the requirements of due process. The exercise of personal jurisdiction is consistent with due process if (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Panda Brandywine Corporation v. Potomac Electric Power Company*, 253 F.3d 865, 867 (5th Cir. 2001). The defendant's minimum contacts with the forum state may be such as to establish either specific or general personal jurisdiction. Specific jurisdiction exists if the non- resident defendant has "purposefully directed its activities at the forum state and the litigation results from the alleged injuries that arise out of or relate to those activities." *Id.* at 868. Minimum contacts are sufficient to support general jurisdiction if they are "continuous and systematic." *Guidry v. United States Tobacco Company*, 188 F.3d 619, 624 (5th Cir. 1999).

## **ANALYSIS**

Regulatory Interlinx contends that New Piper is subject to the contract and tort prongs of Mississippi's Long-Arm statute. First, Regulatory Interlinx claims that New Piper is subject to this court's jurisdiction under the tort prong because the front landing gear of the airplane failed in Jackson, Mississippi, causing injury to property belonging to a non-resident citizen. Secondly, Regulatory Interlinx contends that the contract prong supplies jurisdiction over New Piper because it breached the implied warranty of

4

merchantability.

The mere assertion of a claim for breach of implied warranty of merchantability is insufficient to trigger the contract prong of Mississippi's Long-Arm statute. *See Rittenhouse v. Mabry,* 832 F.2d 1380, 1383 (5th Cir. 1987); *Willow Creek Exploration LTD. v. Tadlock Pipe & Equipment, Inc.*, 186 F.Supp.2d 675, 681 (S.D. Miss. 2002); *Breedlove v. Beech Aircraft Corporation,* 334 F.Supp. 1361 (N.D. Miss. 1971) (allowing personal jurisdiction when only a single contract exists). The plain language of the statute requires that a non-resident defendant "make a contract with a resident of [Mississippi] before the contract prong of the long-arm statute applies." Regulatory Interlinx has shown no relationship between itself and New Piper and nothing to establish that a contract between these parties exists.

Next, the tort prong of Mississippi's Long-Arm statute applies where a nonresident defendant commits a tort, in whole or part, in the State of Mississippi. *See* Mississippi Code Ann. § 13-3-57. Regulatory Interlinx contends that even if the airplane was sold and resold outside of Mississippi, a part of the tort of negligent design occurred in Mississippi when the forward landing gear collapsed, thereby causing the property damage in question. Without passing judgment on whether the tort claim is viable, this court agrees that part of the tort occurred in Mississippi. Injury is a necessary element of a tort and the occurrence of the injury in Mississippi would be sufficient to satisfy the tort prong of the Long-Arm statute. The conventional tort elements in a negligence action are duty, breach of duty, proximate causation and injury. *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996), citing *Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss.

5

1971). So, under Mississippi's Long-Arm statute, a tort is complete when, and personal jurisdiction lies where, the actual injury occurs. *Thrash Aviation, Inc. v. Kelner Turbine, Inc.*, 72 F.Supp.2d 709, 714 (S.D. Miss. 1999). However, this is not the end of the matter.

Even if the tort prong of Mississippi's Long-Arm statute is satisfied, this court cannot assert personal jurisdiction over New Piper unless the dictates of due process are met. Due process requires that a non-resident defendant have minimum contacts with the forum state and that the court's exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. In cases such as this where the plaintiff alleges that there is specific personal jurisdiction over the non-resident defendant, the defendant's contacts with the forum state must be purposeful and those contacts must result in the injury giving rise to the litigation. *Panda Brandywine Corporation*, 253 F.3d at 868.

This court relies on the deposition of Ramona L. Stringfellow, the Customer Service Manager of The New Piper Aircraft, Inc., In Vero Beach, Florida. According to Ms. Stringfellow, New Piper has no property or bank accounts in Mississippi, no rental property, no dealers, no dealer network, or Yellow Pages listing in Mississippi. Ms. Stringfellow further states that no New Piper sales agents live in Mississippi. A Mississippi customer, says Stringfellow, logging on to the Piper web site, will be directed to contact SouthEast Piper Central in Tallahassee, Florida. Moreover, Ms. Stringfellow notes that Piper does not have a service center at the Jackson-Evers International Airport; instead, Piper has authorized Mercury Air Center, an independent contractor, to perform service there. Finally, Ms Stringfellow states that New Piper entered into no

6

contracts with Regulatory Interlinx and does no business in Mississippi.

Regulatory Interlinx replies that New Piper had at least one purposeful contact with Mississippi, the Mercury Air Center at the Jackson-Evers International Airport. Ms. Stringfellow explained in her affidavit, though, that the Mercury Air Center is an independent contractor, not part of New Piper. Mercury Air Center is authorized to perform service on Piper aircraft.

Beyond this, nothing is shown to establish that New Piper has purposefully directed its activities at Mississippi through Mercury Air Center and that the failed landing gear in question arose out of or was related to those activities." *Panda Brandywine Corporation*, 253 F.3d at 868. Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 344 (5th Cir. 2004).

Furthermore, minimum contacts are sufficient to support general jurisdiction if they are "continuous and systematic." *Guidry*, 188 F.3d at 624. Regulatory Interlinx refers to a New Piper web site. The Piper web site is passive and does not allow a potential Mississippi consumer to purchase products directly over the website, or even to contact New Piper. The website instead directs the potential Mississippi customer to contact another Piper company in Tallahassee, Florida, where product information can be obtained. The Fifth Circuit has concluded that the existence of passive websites such as these is not sufficient to subject a non-resident defendant to the personal jurisdiction of the forum state. *Mink v. AAAA Development LLC*, 190 F.3d 333 (5th Cir. 1999).

Minimum contacts must amount to something more than occasional 'fortuitous'

7

instances where the defendant had in the past come into some casual, isolated contact with an in-state resident." *McLaurin v. Nazar*, 883 F.Supp. 112, 116 (N.D. Miss.1995), citing *Alpaugh v. Moore*, 568 So.2d 291, 294 (Miss. 1990).  New Piper's arrangement with Mercury Air Center and the web site simply are not sufficient to be considered systematic and continuous.  This court concludes that it cannot exercise jurisdiction over New Piper without offending the "traditional notions of fair play and substantial justice" required by the due process analysis.  *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

## **CONCLUSION**

Therefore, in light of the foregoing authority, this court finds the motion of the defendant New Piper, Inc., to dismiss or, alternatively, for summary judgment to be well taken.  Inasmuch as some of the materials submitted by the parties fall outside the pleadings, this court hereby grants the motion for summary judgment on the issue of this court's personal jurisdiction over New Piper, Inc. [**Docket No. 4-2**].  The motion to dismiss [**Docket No. 4-1**] is terminated as moot.

**SO ORDERED** this the 31st day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:04-cv-788WS
Order